IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00047-MSK-MEH

CHEVRON CORPORATION,

    Petitioner,

v.

STRATUS CONSULTING, INC.,
DAVID J. CHAPMAN,
DOUGLAS BELTMAN,
JENNIFER M.H. PEERS,
DAVID M. MILLS,
PETER N. JONES,
LAURA BELANGER, and
ANN S. MAEST,

    Respondents.

REPUBLIC OF ECUADOR, *et al.*,

    Interested Parties.

---

**ORDER**

---

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court are the Motion for Protective Order by Stratus Respondents [filed March 19, 2010; docket #24], the Republic of Ecuador's Motion to Quash Subpoenas Ordering Discovery Pursuant to 28 U.S.C. § 1782 [filed April 6, 2010; docket #39], and the Joint Motion of Respondents and Interested Parties to Stay Discovery Pending Court's Resolution of Republic of Ecuador's Motion to Quash . . . [filed April 8, 2010; docket #45]. The motions are referred to this Court for disposition. (Dockets ##41, 42, 47.) The motions are briefed to the extent necessitated by the Court, and oral argument would not assist the Court in their adjudication. For the following reasons, the Court **DENIES** the Republic of Ecuador's Motion to Quash Subpoenas Ordering

Discovery Pursuant to 28 U.S.C. § 1782 [filed April 6, 2010; docket #39] and **DENIES AS MOOT** the Joint Motion of Respondents and Interested Parties to Stay Discovery Pending Court's Resolution of Republic of Ecuador's Motion to Quash . . . [filed April 8, 2010; docket #45]. The Court directs Respondents to file either a substantive reply in support of their Motion for Protective Order [filed March 19, 2010; docket #24] or a notice that the motion is moot on or before Friday, **April 16, 2010**.

## BACKGROUND

Petitioner commenced this action on December 18, 2009, pursuant to Section 1782 of 28 U.S.C. (Docket #1.) Petitioner requested the Court to issue eight subpoenas for the taking of depositions and the production of documents from Respondents, for the purposes of obtaining discovery in connection with two civil proceedings in foreign tribunals: *Maria Aguinda y Otros v. Chevron Corp.* in the Superior Court of Nueva Loja, Ecuador (referred to as the *Lago Agrio* litigation), and *Chevron Corp. and Texaco Petroleum Co. v. the Republic of Ecuador*, which is an arbitration proceeding pursuant to the bilateral investment treaty between the United States and Ecuador. (Docket #22 at 4; docket #1 at 1-2.) The *Lago Agrio* litigation concerns alleged environmental damage in a concession area in Ecuador where TexPet, a subsidiary of Texaco Inc., now owned by Petitioner, conducted oil exploration operations. (Docket #2 at 8-10.) The arbitration proceeding, initiated by Petitioner, seeks "redress" for allegations that the Republic of Ecuador "violated the Ecuador-United States Bilateral Investment Treaty by attempting to use [a court-appointed expert's] report and damage assessment in the Lago Agro Litigation as a way to fund oil infrastructure improvements, social programs, and its own environmental cleanup liability." (*Id*. at 15.)

In the present action, Petitioner attempts to obtain Respondents' "work product developed in relation to their retention as experts of the plaintiffs" in the *Lago Agrio* proceeding. (Docket #22 at 5.) Petitioner believes this work product was "adopted and plagiarized in a report by a court-appointed expert which provides the basis for a $27 billion damage assessment against Chevron." (*Id*.) Petitioner asserts that the documents produced in response to the subpoenas are "vitally important," as such evidence could indicate "any independent interaction between [Respondents] and the Ecuadorian Government in relation to these matters." (Docket #2 at 15.) Judge Kane held a hearing on the Section 1782 petition on March 4, 2010, and granted the issuance of the subpoenas with leave for the filing of any motions to quash within thirty days. (*Id*. at 9, 10; *see also* docket #23.)

During the hearing, Judge Kane concluded that Petitioner's "discovery requests do not attempt to circumvent foreign proof-gathering restrictions as they are a good-faith effort to obtain probative evidence, and discovery requested is not unduly burdensome as it goes to central issues in both foreign proceedings and would be permitted under the Federal Rules of Civil Procedure." (Docket #22 at 6-7.) Judge Kane specifically instructed the parties to meet and confer regarding any opposition to service of the subpoenas. (*Id*. at 4, 7, 9.) Judge Kane emphasized the duty to confer in light of the contentions stated in Respondents' briefing, including the assertion "that the BIT proceeding is not a proper basis for granting the petition." (*Id*. at 7.)

The Republic of Ecuador ("the Republic") filed its Motion to Quash on the basis of relevance, claiming the discovery sought in the Section 1782 petition is not relevant to the arbitration proceeding. (Docket #39 at 3.) The Republic stated it "takes no position on whether discovery under [Section 1782] is appropriate for use in the *Lago Agrio* litigation." (*Id*.) The Republic asserts its status as a party to the arbitration proceeding to secure its proper standing in

3

bringing this motion. (*Id*. at 11.) The Republic believes the Court should quash the subpoenas because "the request is an obvious fishing expedition with no relevance to the matters Chevron and TexPet have put at issue in their Notice" to arbitrate. (*Id*.) The Republic argues that even if Petitioner's suspicions were true, that such evidence would "provide[ ] no support for the presumption that the Republic can somehow be held internationally responsible for the acts of an independent court expert or of a private party to the litigation." (*Id*. at 13.) Notably, the Republic's motion does not refer to any efforts to confer before filing the motion, pursuant to Judge Kane's instruction and D.C. Colo. LCivR 7.1A.

In response, Petitioner emphasizes that the Republic filed its motion in violation of D.C. Colo. LCivR 7.1A and Judge Kane's explicit direction to meet and confer. (Docket #44 at 4-6.) Petitioner also informs the Court that on February 9, 2010, the Republic attempted to stay the arbitration proceedings and the Section 1782 petition in this District via a motion for preliminary injunction filed in the U.S. District Court for the Southern District of New York, indicating the Republic had adequate notice of this pending action. (*Id*. at 4.) Petitioner states that the Southern District of New York denied the motion and dismissed the case. (*Id*.) Substantively, Petitioner asserts that in light of the broad standard of relevance under the Federal Rules and Judge Kane's order on the Section 1782 petition, the discovery sought relates directly to "explicit allegations in the Treaty Arbitration." (*Id*. at 8.) Furthermore, Petitioner argues that determinations of relevance and admissibility in the arbitration proceeding are questions for the arbitral panel to decide and are not appropriately determined in this Court. (*Id*. at 10.)

The Motion for Protective Order and Joint Motion to Stay turn on the outcome of the Court's adjudication of the Motion to Quash. Therefore, the Court first analyzes the motion brought by the Republic.

# ANALYSIS

## I. *Motion to Quash filed by the Republic*

The Court agrees with Petitioner that at the very least, the Republic of Ecuador's failure to confer is grounds for dismissal of its Motion to Quash without prejudice. The plain language of D.C. Colo. LCivR 7.1A states:

> The court will not consider **any motion**, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party or a *pro se* party, before filing the motion, has conferred or made reasonable, good-faith efforts to confer with opposing counsel or a *pro se* party to resolve the disputed matter. The moving party shall state in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule.

This Court routinely denies without prejudice motions not in compliance with D.C. Colo. LCivR 7.1A. Here, the Republic also violates the direct order of Judge Kane to confer regarding the issuance of the subpoenas. Petitioner represents to the Court that counsel for the Republic was admitted to this Court on March 4, 2010, the same date as the hearing before Judge Kane. (Docket #44 at 6.) Moreover, as demonstrated by the proceeding initiated in the Southern District of New York in February of this year, the Republic had full notice of the action in this District. (*See* dockets ##44-6, 44-7.) The Republic should have read Judge Kane's order upon its entry in this action as an interested party. The Court perceives no legitimate reason excusing the Republic from conferring, in accordance with the Local Rules of this District and pursuant to Judge Kane's order. Thus, the Court concludes denial without prejudice is warranted. However, in the interests of judicial efficiency and economy, the Court proceeds to evaluate the merits of the Motion to Quash and concludes denial without leave to re-file on the grounds raised is appropriate.

The Court reemphasizes that the Republic contests the use of the documents produced in response to the Section 1782 subpoenas in only the arbitration proceeding, solely on the basis of

relevance to the claims raised in the Notice of Arbitration. The Republic does not challenge the subpoenas in regards to the *Lago Agrio* litigation. (Docket #39 at 3.) The Court concludes the Republic's motion is precluded for three reasons. First, Judge Kane, although contemplating the filing of a motion to quash, clearly stated that Petitioner's "discovery request[ ] is not unduly burdensome as it goes to central issues in both foreign proceedings and would be permitted under the Federal Rules of Civil Procedure." (Docket #22 at 6-7.) Judge Kane's conclusion is law of this case, and the law of the case doctrine generally "dictates that prior judicial decisions on rules of law govern the same issues in subsequent phases of the same case." *Been v. O.K. Industries, Inc.*, 495 F.3d 1217, 1224 (10th Cir. 2007). The Republic's request is, in essence, a motion for reconsideration of Judge Kane's determination.

If the Court reviews the Republic's request as a motion for reconsideration, the request fails, as demonstrated by the second reason for denying the Republic's motion. The scope of evidence subject to discovery under the Federal Rules of Civil Procedure is broad:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense - including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P 26(b)(1) (2009). The Court finds that the discovery requested by Petitioner is indeed relevant pursuant to Rule 26 of the Federal Rules of Civil Procedure.

As discussed, Petitioner seeks discovery regarding evidence of fraud on the Ecuadorian court through the plagiarizing of Respondents' expert reports in the *Lago Agrio* litigation. The court-appointed expert in the *Lago Agrio* litigation allegedly impermissibly relied upon Respondents' work product in determining Petitioner could be liable for $27 billion in damages. (Docket #2 at

6

6.) This potential exposure gives rise to Petitioner's claims in part against the Republic in the arbitration proceeding. In the Notice of Arbitration, Petitioner asks for relief in the form of a declaration that it is not liable for any environmental impact arising out of the facts of the *Lago Agrio* litigation, and that in fact, Ecuador or Petroecuador (the state-owned petroleum company) is exclusively liable. (Docket #44-10 at 20-21.) The assertions in the Notice of Arbitration describe the Republic collaborating with the *Lago Agrio* plaintiffs against Petitioner for the purposes of evading liability. (*Id.* at 5, 11.) If the discovery sought here demonstrates further cooperation between Respondents, the *Lago Agrio* plaintiffs, and the Republic, as Petitioner predicts, such discovery could reasonably impact the claims raised in the arbitration proceedings.

However, this Court believes the questions of relevance and admissibility in the arbitration proceedings are best determined by the arbitral panel, not by this Court, leading to the third ground for denial of the Republic's motion. The purpose of Section 1782 is "to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). Discovery rules in foreign tribunals bear no impact on the provision of assistance under Section 1782. *Intel Corp.*, 542 U.S. at 260-61. Even though this Court believes the discovery requested is relevant to both the *Lago Agrio* litigation and the arbitration proceeding, the arbitral panel is certainly empowered to control its own jurisdiction by deciding otherwise.

In sum, the Court denies the Republic's motion on three substantive grounds: first, in light of Judge Kane's prior evaluation of the relevance of Petitioner's request; second, pursuant to the broad standard of relevance articulated by Rule 26 of the Federal Rules of Civil Procedure; and third, considering the arbitral panel's jurisdiction and rules controlling relevance and admissibility. For these reasons, in addition to the procedural deficiency of failure to confer, the Court denies the

Republic's Motion to Quash.

The Joint Motion to Stay requests a stay of proceedings while the Court adjudicates the Republic's Motion to Quash. (Docket #45 at 3.) As the Court denies the Motion to Quash on procedural and substantive grounds, the Joint Motion to Stay is now moot.

## II. *Motion for Protective Order filed by Respondents*

Respondents filed a Motion for Protective Order approximately two weeks after the hearing before Judge Kane, asking for an additional seventy days to respond to the subpoenas *duces tecum* and for the Court to order Petitioner to pay the actual costs incurred in completing production. (Docket #24 at 11.) Petitioner submitted its substantive opposition to this motion on April 2, 2010. (Docket #32.) Subsequently, in its response to the Republic's Motion to Quash, Petitioner represented that it "reached an agreement in principle on the scope and timing of the requested discovery" with Respondents and the plaintiffs in the *Lago Agrio* litigation. (Docket #44 at 2-3.) Petitioner stated the agreement resolves Respondents' Motion for Protective Order. (*Id*. at 3.)

Respondents then offered a reply in support of their motion, stating their belief that the Republic's Motion to Quash "eclipsed" the Motion for Protective Order. (Docket #46 at 1.) Respondents asked for deferral of a "substantive" reply until after the Court rules on Republic's Motion to Quash. (*Id*. at 2.) Petitioner filed a response to this reply, construing the reply as an "incorrectly styled" Motion for Extension of Time. (Docket #49 at 1.) Petitioner asserts that the Motion for Protective Order should be considered ripe for review, as Respondents did not properly file a motion for an extension of time to file a reply, pursuant to D.C. Colo. LCivR 7.1C.

Although the Court recognizes the merit of Petitioner's contention that Respondents improperly included a request in their reply, in the interests of justice and due process the Court hereby directs Respondents to file either a substantive reply in support of their Motion for Protective

Order or a notice that the motion is moot, in light of the agreement referred to by Petitioner.

## CONCLUSION

Accordingly, for the reasons stated above and pursuant to the entire record herein, the Court **DENIES** the Republic of Ecuador's Motion to Quash Subpoenas Ordering Discovery Pursuant to 28 U.S.C. § 1782 [filed April 6, 2010; docket #39] and **DENIES AS MOOT** the Joint Motion of Respondents and Interested Parties to Stay Discovery Pending Court's Resolution of Republic of Ecuador's Motion to Quash . . . [filed April 8, 2010; docket #45].

Respondents shall file either a substantive reply in support of their Motion for Protective Order [filed March 19, 2010; docket #24] or a notice that the motion is moot on or before Friday, **April 16, 2010**.

Dated at Denver, Colorado, this 13th day of April, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge