IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:10-cv-00047-MSK-MEH

CHEVRON CORPORATION, a Delaware corporation,

Petitioner,

STRATUS CONSULTING, INC., DAVID J. CHAPMAN, an individual, DOUGLAS BELTMAN, an individual, JENNIFER M.H. PEERS, an individual, DAVID M. MILLS, an individual, PETER N. JONES, an individual, LAURA BELANGER, an individual, and ANN S. MAEST, an individual,

Respondents.

---

**ECUADORIAN PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER IN CONNECTION WITH SUBPOENAS ISSUED TO CERTAIN OF THE ECUADORIAN PLAINTIFFS' NON-TESTIFYING LITIGATION CONSULTANTS PURSUANT TO 28 U.S.C. § 1782 AND APPLICATION TO ESTABLISH BRIEFING SCHEDULE FOR SAME**

---

*CERTIFICATE OF COMPLIANCE*

*Pursuant to D.C. COLO. L. Civ. R. 7.1(A), undersigned counsel certifies that his firm has conferred with Chevron Corporation's counsel and Stratus' counsel regarding this Motion. Counsel for Stratus has no objection to Plaintiff's motion. Counsel for Chevron Corporation objects to Plaintiff's motion and proposed briefing schedule.*

Plaintiffs[1] in a related civil action against Chevron Corporation ("Chevron") venued in Lago Agrio, Ecuador (the "Lago Agrio Litigation") and pending before the Superior Court of Nueva Loja, Ecuador (the "Ecuadorian Court"), through their undersigned counsel, respectfully ask this Court, pursuant to Fed. R. Civ. P. 26(c) and D.C. COLO. LCivR 30.2, to enter a Protective Order and to establish a briefing schedule to address issues of privilege and confidentiality related to subpoenas served by Chevron on David J. Chapman, Douglas Beltman, Jennifer M.H. Peers, David M. Mills, Peter N. Jones, Laura Belanger and Ann S. Maest (the "Subpoenaed Parties"). Each of the Subpoenaed Parties served as a non-testifying litigation consultant on behalf of the Ecuadorian Plaintiffs, performing work directly or indirectly at the request of counsel for the Ecuadorian Plaintiffs in furtherance of the Lago Agrio Litigation.

The need for a protective order and further briefing on privilege became clear during Chevron's line of questioning at Mr. Chapman's deposition, conducted on Friday, April 23, 2010, as the questions propounded by Chevron called for the disclosure of privileged communications between Stratus Consulting ("Stratus") (Mr. Chapman's employer) and the Ecuadorian Plaintiffs' attorneys, and otherwise called for the disclosure of privileged and protected information directly concerning the work performed by the non-testifying consultant team at the behest of counsel for the Ecuadorian Plaintiffs.

---

[1] Plaintiffs include: Daniel Carlos Lusitande Yaiguaje, Venancio Freddy Chimbo Grefa, Miguel Mario Payaguaje Payaguaje, Teodoro Gonzalo Piaguaje Payaguaje, Simón Lusitande Yaiguaje, Armando Wilmer Piaguaje Payaguaje, Javier Piaguaje Payaguaje, Fermín Piaguaje, Luis Agustín Payaguaje Piaguaje, Emilio Martin Lusitande Yaiguaje, Reinaldo Lusitande Yaiguaje, María Victoria Aguinda Salazar, Carlos Grega Huatatoca, Catalina Antonia Aguinda Salazar, Lidia Alexandra Aguinda Aguinda, Clide Ramiro Aguinda Aguinda, Luis Armando Chimbo Yumbo, Beatriz Mercedes Grefa Tanguila, Lucio Enrique Grefa Tanguila, Patricio Wilson Aguinda Aguinda, Patricio Alberto Chimbo Yumbo, Segundo Ángel Amanta Milán, Francisco Matías Alvarado Yumbo, Olga Gloria Grefa Cerda, Narcisa Tanguila Narváez, Bertha Yumbo Tanguila, Lucrecia Tanguila Grefa, Francisco Víctor Tanguila Grefa, Rosa Teresa Chimbo Tanguila, María Clelia Reascos Revelo, Heleodoro Pataron Guaraca, María Viveros Cusangua, Lorenzo José Alvarado Yumbo, Francisco Alvarado Yumbo, José Gabriel Revelo Llore, Luisa Delia Tanguila Narváez, José Miguel Ipiales Chicaiza, Hugo Gerardo Camacho Naranjo, María Magdalena Rodríguez, Elías Piyahuaje Payahuaje, Lourdes Beatriz Chimbo Tanguila, Octavio Córdova Huanca, Celia Irene Vivero Cusangua, Guillermo Payaguaje Lucitande, Alfredo Payaguaje, and Delfin Payaguaje (collectively, the "Ecuadorian Plaintiffs").

1.     Counsel for Chevron issued subpoenas *duces tecum* and *ad testificandum* under the auspices of 28 U.S.C. § 1782 to Mr. Chapman and four other employees of Stratus – Douglas Beltman, Jennifer M.H. Peers, David M. Mills, and Ann S. Maest as well as two non-testifying consultants retained by Stratus and/or the Lago Agrio Plaintiffs – Peter N. Jones and Laura Belanger.

2.     While 28 U.S.C. § 1782 allows for discovery "for use in a proceeding in a foreign or international tribunal," the statute textually limits the reach of such discovery and specifically provides that "*[a] person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.*" See 28 U.S.C. § 1782(a) (emphasis added). "[C]onfidential communications between a party's counsel and a non-testifying expert or consultant, hired in anticipation of litigation, are protected by the attorney-client privilege." *Coorstek, Inc. v. Reiber*, No. 08-CV-01133-KMT-CBS, 2010 WL 1332845, at *4 (D. Colo. Apr. 05, 2010) (citing cases). These communications may also be protected by the work-product doctrine and by non-disclosure or confidentiality agreements entered into by Stratus or by Stratus's principals, employees or contractors.[2]

3.     Here, it became clear from the onset of Mr. Chapman's April 23, 2010 deposition that there exist work product and attorney-client privilege issues – outside of foundational questions regarding the mere fact of communications between Mr. Chapman and Richard Stalin Cabrera Vega ("Cabrera"), a testifying expert in the Lago Agrio Litigation – which call for full

---

[2]     These communications may also be privileged, protected or otherwise immune from discovery by the Constitution of the Republic of Ecuador, the statutory and decisional law of the Republic of Ecuador, or orders issued under the authority of the courts of the Republic of Ecuador, rendering such communications privileged and outside the permissible scope of discovery afforded by 28 U.S.C § 1782(a). *See In re Erato*, 2 F.3d 11, 14 (2d Cir. 1993) (citing S. Rep. No. 1580, 88th Cong., 2d Sess. (1964)) ("The legislative history makes clear that the latter paragraph 'provides for the recognition of all privileges to which the person may be entitled, including privileges recognized by foreign law.'"); *see also In re Grand Jury Proceedings, Doe No. 700*, 817 F.2d 1108, 1112 (4th Cir. 1987).

briefing. Chevron specifically propounded questions at Mr. Chapman's deposition probing the substance of discussions between and among Mr. Chapman and attorneys for the Ecuadorian Plaintiffs. Chevron sought information from Mr. Chapman regarding communications he may have had with other members of the non-testifying litigation consultant team, the work of which was performed entirely at the behest of counsel for the Ecuadorian Plaintiffs, either directly or indirectly. Chevron also asked Mr. Chapman questions regarding internal processes and discussions involved in creating or producing consultative or deliberative reports and other material for legal counsel in connection with the Lago Agrio Litigation.

4. As an indication of the gravity and complexity of these privilege issues, the Court was twice contacted by counsel for Chevron and for the Ecuadorian Plaintiffs in an effort to resolve, in limited contexts, the appropriateness of any lines of questioning pursued by Chevron after Chevron was unable to establish that Mr. Chapman had had *any* contact at all with Mr. Cabrera. The Court stated during one such call, "I would want to take a much closer look at the substance [of the] issue on paper and not rule on that just over the phone." (*See* Ex. A, Excerpt of Draft Transcript of Deposition of D. Chapman, Apr. 23, 2010, at. 80:10-13. The final transcript has not yet been prepared.)

5. In light of the circumstances described above, and in consideration of the complexities and sensitivities inherent in an application to take discovery with respect to a foreign action that has been litigated for approximately seventeen years (the first ten years in the United States, and the past seven years in Ecuador — the latter proceeding following Chevron's successful bid to move the dispute to Ecuador on *forum non conveniens* grounds), issues of privilege merit particularly careful consideration. Absent proper limits on Chevron's discovery

in accordance with 28 U.S.C § 1782(a)'s express prohibition of discovery protected by privilege, the Ecuadorian Plaintiffs could be irreparably harmed.

6. The Ecuadorian Plaintiffs respectfully submit that the establishing of a reasonable briefing schedule is necessary to assure them a full and fair opportunity to inform this Court of the complex issues implicit in the assertion of both United States and Ecuadorian privileges in the context of the subpoenas issued to the Subpoenaed Parties. If the Court would find it helpful, such briefings may consider, *inter alia*, the kind and form of questions that should be permitted at future depositions of the Subpoenaed parties, allowing the Court to give specific guidance with the aim of avoiding the disruption of depositions going forward.

7. For the foregoing reasons, the Ecuadorian Plaintiffs respectfully request that the Court establish the following expedited briefing schedule: The Ecuadorian Plaintiffs' brief in support of their Motion for a Protective Order and other supporting papers to be filed on or before May 12, 2010; any brief in opposition to the Motion for a Protective Order to be filed no later than May 21, 2010; and a reply brief to be filed by no later than May 26, 2010.

Dated: April 26, 2010

        Respectfully submitted,

        EMERY CELLI BRINCKERHOFF
          & ABADY LLP
        75 Rockefeller Plaza, 20th Floor
        New York, New York 10019
        (212) 763-5000 (phone)
        (212) 763-5001 (fax)

        By: /s/ Ilann M. Maazel
          Ilann M. Maazel (D. Colo. Bar No. IM 5724)
          O. Andrew F. Wilson (D. Colo. Bar No. OW 5062)

        *Attorneys for the Ecuadorian Plaintiffs (Interested Parties)*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of April, 2010, I electronically filed the foregoing **Ecuadorian Plaintiffs' Motion For A Protective Order in Connection with the Subpoenas Issued to Certain of the Ecuadorian Plaintiffs' Non-Testifying Litigation Consultants Pursuant to 28 U.S.C. § 1782 and Application to Establish Briefing Schedule for Same** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

s/ Ian Johnson
Ian Johnson

# Exhibit A

```
 1   outlined need to be outlined.
 2              MR. ABADY:  Your Honor, this is
 3   Jonathan Abady also for plaintiffs and colleague
 4   of Mr. Wilson's.  I think we understand the
 5   court's ruling at this point in that there is a
 6   protection for the substance every strategic
 7   internal conversations, but the fact of whether
 8   there was a consultation every a certain sort is
 9   probably permissible.
10              THE COURT:  Because I think I would
11   want to take a much closer look at the substance
12   issue on paper and not rule on that just over the
13   phone, but I think the foundational questions
14   should be answered.
15              MR. ABADY:  I think we understand
16   that.  Thank you, Your Honor.
17              MS. NEUMAN:  And we could address
18   with Your Honor the fact that -- I understand you
19   don't want to answer it on the phone, I just want
20   to clarify for the record, that you would just
21   want to address on briefing once we've established
22   they communicated with Cabrera, who was the
23   court's expert, whether or not those
24   communications could in any way ever be
25   privileged.
```

042310DC.txt
81

1              THE COURT:  Right, but I think, you
2    know, to preserve your record you should go ahead
3    and ask those additional questions just so I have
4    an idea what it is you're seeking if it's ever
5    brought before me.
6              MS. NEUMAN:  Thank you, Your Honor.
7              MR. ABADY:  And Your Honor the only
8    thing I would add to that is just to say in the
9    deposition so far, I think one of the reasons that
10   we've made the objections that we made is it's
11   pretty clear that there particular witness had --
12   had really no contact, he's never been to Ecuador
13   and had no contact with Cabrera so that's why we
14   were making the argument that we were making.
15             THE COURT:  I understand.  Okay.
16        Q    Thank you very much.
17             MR. ABADY:  Thank you very much
18   Your Honor for your time.
19             MR. WILSON:  Your Honor, this is
20   just in closing, just so we can perhaps cutoff
21   another call to you, so far, as Mr. Abady said,
22   there hasn't been any showing that this particular
23   witness had any contact with the testifying
24   witness at all, and I'm just concerned that the
25   deposition continues today where there's been no

Page 81