IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00047-MSK-MEH

CHEVRON CORPORATION,

     Petitioner,

v.

STRATUS CONSULTING, INC.,
DAVID J. CHAPMAN,
DOUGLAS BELTMAN,
JENNIFER M.H. PEERS,
DAVID M. MILLS,
PETER N. JONES,
LAURA BELANGER, and
ANN S. MAEST,

     Respondents.

REPUBLIC OF ECUADOR, *et al.*,

     Interested Parties.

---

**ORDER**

---

**Michael E. Hegarty, United States Magistrate Judge.**

     Pending before the Court are the Ecuadorian Plaintiffs' Motion for Protective Order in Connection with Subpoenas Issued to Certain of the Ecuadorian Plaintiffs' Non-Testifying Litigation Consultants Pursuant to 28 U.S.C. § 1782 [filed April 26, 2010; docket #68] and the Ecuadorian Plaintiffs' [Opposed] Motion to Seal References to the Selvaviva Database Tables and Queries [filed May 6, 2010; docket #107].  These matters are referred to this Court for disposition.  (Docket #74, 118.)  The motions are briefed to the extent necessitated by the Court, and additional oral argument would not assist the Court in adjudicating these motions.  For the reasons stated below and the entire

record herein, the Court **DENIES** the Ecuadorian Plaintiffs' Motion for Protective Order and Motion to Seal.

## BACKGROUND

Petitioner Chevron Corporation commenced this action *ex parte* on December 18, 2009, pursuant to Section 1782 of 28 U.S.C. (Docket #1.) Petitioner requested the Court to issue eight subpoenas for the taking of depositions and the production of documents from Respondents, for the purposes of obtaining discovery in connection with two civil proceedings in foreign tribunals: *Maria Aguinda y Otros v. Chevron Corp*. in the Superior Court of Nueva Loja, Ecuador (referred to as the *Lago Agrio* litigation), and *Chevron Corp. and Texaco Petroleum Co. v. the Republic of Ecuador*, which is an arbitration proceeding pursuant to the bilateral investment treaty between the United States and Ecuador. (Docket #22 at 4; docket #1 at 1-2.) The *Lago Agrio* litigation concerns alleged environmental damage in a concession area in Ecuador where TexPet, a subsidiary of Texaco Inc., now owned by Petitioner, conducted oil exploration operations. (Docket #2 at 8-10.) The arbitration proceeding, initiated by Petitioner, seeks "redress" for allegations that the Republic of Ecuador "violated the Ecuador-United States Bilateral Investment Treaty by attempting to use [a court-appointed expert's] report and damage assessment in the Lago Agro Litigation as a way to fund oil infrastructure improvements, social programs, and its own environmental cleanup liability." (*Id*. at 15.)

In the present action, Petitioner seeks Respondents' "work product developed in relation to their retention as experts of the plaintiffs" in the *Lago Agrio* proceeding. (Docket #22 at 5.) Petitioner believes this work product was "adopted and plagiarized in a report by a court-appointed expert which provides the basis for a $27 billion damage assessment against Chevron." (*Id*.) Petitioner asserts that the documents produced in response to the subpoenas are "vitally important,"

as such evidence could indicate "any independent interaction between [Respondents] and the Ecuadorian Government in relation to these matters." (Docket #2 at 15.)

Prior counsel for the Ecuadorian Plaintiffs as interested parties in this Section 1782 action entered their appearances on March 1, 2010. (Dockets ##8-10.) On March 3, 2010, the Ecuadorian Plaintiffs filed a motion requesting leave to file a brief in opposition to the Section 1782 petition. (Docket #18.) Judge Kane granted this motion at the hearing on the Section 1782 petition conducted on March 4, 2010. (Docket #22 at 9.) Also during this hearing, Judge Kane granted the issuance of the Section 1782 subpoenas with leave for the filing of any motions to quash within thirty days. (Docket #22 at 9-10; *see also* docket #23.) Judge Kane concluded that Petitioner's "discovery requests do not attempt to circumvent foreign proof-gathering restrictions as they are a good-faith effort to obtain probative evidence, and discovery requested is not unduly burdensome as it goes to central issues in both foreign proceedings and would be permitted under the Federal Rules of Civil Procedure." (Docket #22 at 6-7.) Judge Kane stated that the Court would consider the interested parties' brief in opposition to the issuance of the subpoenas together with any motions to quash. (*Id*. at 9.) Mr. McDermott, prior counsel for the Ecuadorian Plaintiffs, attended the hearing and indicated that the interested parties would need to file a motion to quash despite any efforts to meet and confer with Petitioner. (*Id*. at 2, 9.)

On March 24, 2010, the Court granted permission to withdraw as counsel of record to Mr. McDermott and the two other attorneys representing the Ecuadorian Plaintiffs as interested parties. (Docket #27.) Current counsel for the Ecuadorian Plaintiffs entered his appearance on March 29, 2010. (Docket #30.)

Thirty days from the March 4, 2010, hearing at which Judge Kane granted the issuance of the Section 1782 subpoenas was April 3, 2010, which was a Saturday, thus the requested brief in

opposition to the Section 1782 petition or any motion to quash had to have been filed on or before April 5, 2010, absent an extension of time. The Republic of Ecuador filed a Motion to Quash; however, the Ecuadorian Plaintiffs filed nothing until April 8, 2010, when these interested parties filed a Joint Motion to Stay Discovery pending the outcome of the Republic's Motion to Quash. (*See* dockets ##37-1, 39, 45.) The Ecuadorian Plaintiffs then filed the Motion for Protective Order presently before the Court on April 26, 2010, and the brief in support of this motion on May 5, 2010. (Dockets ##68, 102.) To date, the record does not reflect the filing of a brief in opposition to the Section 1782 petition.

The Ecuadorian Plaintiffs believe that the discovery sought by Petitioner is protected by the work product doctrine and attorney-client privileges. (Docket #102 at 24.) The Ecuadorian Plaintiffs move the Court to enter a protective order that discontinues any taking of depositions of the Respondents in this matter, who the Ecuadorian Plaintiffs describe as their "Consulting Experts." The Ecuadorian Plaintiffs also ask the Court to relieve Respondents of the obligation to produce documents in response to the subpoenas and to compel Petitioner to destroy documents already obtained and remove any such documents from the public record. (Docket #102 at 33.) As reflected in the title of the motion, the Ecuadorian Plaintiffs, in essence, seek to quash the Section 1782 subpoenas.

Petitioner Chevron Corporation opposes the relief requested by the Ecuadorian Plaintiffs. (*See* docket #123.) Petitioner asserts that the motion is untimely and improperly seeks reconsideration of Judge Kane's order. (*Id*. at 24.) Petitioner argues that the failure to timely assert privilege results in waiver; thus, the Ecuadorian Plaintiffs waived any privilege claim as to the discovery sought from Respondents because they filed this motion after the April 5, 2010 deadline. (*Id*. at 25.) In any event, Petitioner claims that the Ecuadorian Plaintiffs' contention of privilege is

substantively baseless.  (*Id*. at 26.)

In reply, the Ecuadorian Plaintiffs restate their argument that privilege precludes disclosure

of the documents requested in the subpoenas.  (Docket #144.)  Alternately, they contend that

Petitioner must be limited to the scope of its Section 1782 petition and not "seek documents

produced only to members of Plaintiffs' litigation team." (*Id*. at 16.) Regarding the timeliness issue,

the Ecuadorian Plaintiffs assert that because Petitioner has "been afforded a full and fair opportunity

to respond substantively to Plaintiffs' claims of privilege," Petitioner has not been prejudiced; thus,

any delay in the Plaintiffs' claim of privilege does not justify the "serious sanction" of waiver.  (*Id*.

at 18, 19.)  Additionally, the Ecuadorian Plaintiffs allege that they "should not be penalized because

they took some time to secure the appropriate U.S. legal team."  (*Id*. at 20.)

For the following reasons, the Court agrees with Petitioner's argument that the Ecuadorian

Plaintiffs' Motion is untimely and improperly seeks reconsideration of Judge Kane's order.

## **ANALYSIS**

Courts must interpret statutes and rules of procedure based on their plain language.  *United*

*States v. Ceballos-Martinez*, 371 F.3d 713, 716 (10th Cir. 2004).  In pertinent part, Section 1782(a)

of 28 U.S.C. states:

> The district court of the district in which a person resides or is found may order him
> to give his testimony or statement or to produce a document or other thing for use in
> a proceeding in a foreign or international tribunal, including criminal investigations
> conducted before formal accusation. . . . The order may prescribe the practice and
> procedure, which may be in whole or part the practice and procedure of the foreign
> country or the international tribunal, for taking the testimony or statement or
> producing the document or other thing.  To the extent that the order does not
> prescribe otherwise, the testimony or statement shall be taken, and the document or
> other thing produced, in accordance with the Federal Rules of Civil Procedure.
>
> A person may not be compelled to give his testimony or statement or to produce a
> document or other thing in violation of any legally applicable privilege.

Although a person may not be compelled to produce documents or give testimony in violation of any privilege under the auspices of Section 1782, such privilege must be "legally applicable." The plain language of the statute does not assign a time frame in which the respondent to an order pursuant to Section 1782 must reply, but provides that the order may "prescribe the practice and procedure," or without such prescription, the Federal Rules of Civil Procedure govern the discovery process.[1]

Here, Judge Kane allotted thirty days for 1) the filing of a brief in opposition to the Section 1782 petition and 2) any challenges or objections to the subpoenas (for example, a motion to quash). The Ecuadorian Plaintiffs, while represented and at the very least aware of the proceedings since the entry of their first counsel on March 1, 2010, neither filed a brief in opposition per their request nor submitted a motion to quash. The Court finds the motion at hand, although couched as a motion for protective order, is indeed a *de facto* motion to quash and as such is filed out of time. Moreover, to the extent the Court can reasonably construe this motion as a brief in opposition to the Section 1782 petition, such filing is also out of time, according to the deadline set by Judge Kane.

The Court agrees with Petitioner that the Ecuadorian Plaintiffs' tardiness in challenging the issuance of the subpoenas waives their present assertions of privilege, therefore privilege is not "legally applicable" in this matter. Generally, "a party has no standing to quash a subpoena served on a third party, except as to claims of privilege or upon a showing that a privacy issue is implicated." *I'mnaedaft, Ltd. v. The Intelligent Office Sys., LLC*, No. 08-cv-01804-LTB-KLM, 2009 WL 1537975, at *4 (D. Colo. May 29, 2009) (citing *Windsor v. Martindale*, 175 F.R.D. 665, 668

_____

[1]Notably, Fed. R. Civ. P. 45 provides that the issuing court may quash or modify a subpoena "on timely motion." Fed. R. Civ. P. 45(c)(3)(A) (West 2010). Fed. R. Civ. P. 45(c)(2)(B) requires that any "objection must be served before the earlier of the time specified for compliance or fourteen days after the subpoena is served."

(D. Colo. 1997)) (other citations omitted). As the Ecuadorian Plaintiffs assert privilege, they enjoy standing to challenge the subpoenas; however, assertions of privilege are not absolute. "The applicability of the privilege turns on the adequacy and timeliness of the showing as well as the nature of the document [or testimony]." *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir. 1984).

As Section 1782 refers to the Federal Rules of Civil Procedure to fill in any procedural gaps, the Court looks to Fed. R. Civ. P. 45, which governs subpoenas. This Court previously recognized a strict construction of the timeliness requirement in Rule 45 based on the plain language of the rule. *See United States v. Davison*, No. 08-cv-02530-WYD-MEH, 2009 WL 189957 (D. Colo. Jan. 27, 2009). In *Davison*, the defendant filed his motion objecting to a subpoena one day late, based on his assertion that the subpoena had been served a day later than it actually had been served. 2009 WL 189957 at *2. This Court held that "[t]he word 'must' in the rule plainly reflects that any written objections to a subpoena are *required* to be filed within the time specified for compliance or within fourteen days after service, whichever is earlier." *Id.* Therefore, the Court denied defendant's motion as untimely. More recently, this Court denied another motion to quash in a separate action on the basis of untimeliness, as it was filed ten days late. *Wiley v. Covad Commc'ns Co.*, No. 09-cv-01799-WYD-MEH, 2010 WL 1225035, at *1 (D. Colo. Mar. 29, 2010).

However, the Court recognizes persuasive authority stating, "[a] waiver of a . . . privilege should not be imposed based merely on a party's failure to assert an objection within the time provided by the Federal Rules of Civil Procedure." *Pham v. Hartford Ins. Co.*, 193 F.R.D. 659, 662 (D. Colo. 2000) (citations omitted). Other Magistrate Judges in this District have found that the Court should find a waiver of a privilege only in "the presence of unjustified delay, inexcusable conduct, or bad faith." *Jordan v. Wiley*, No. 07-cv-00498-MSK-KLM, 2009 WL 291323, at *2 (D.

Colo. Sept. 8, 2009) (citing *Kovacs v. Hershey Co.*, No. 04-cv-01881-WYD-BNB, 2006 WL 1980291, at *11 (D. Colo. Jul. 13, 2006)) (other citations omitted).

Here, the Court finds the facts demonstrate unjustified delay on part of the Ecuadorian Plaintiffs in filing their Motion for Protective Order out of time, in violation of Judge Kane's explicit order and in violation of the Federal Rules. The Ecuadorian Plaintiffs had adequate notice of this proceeding at the time their first set of counsel entered appearances on March 1, 2010. Counsel for the Plaintiffs were present at the hearing before Judge Kane on March 4, 2010, and received permission from Judge Kane to both file a brief in opposition to the petition and a ten day extension of time beyond that originally stated to oppose the subpoenas. (*See* docket #22 at 9-10.) The Plaintiffs never filed the brief in opposition as they requested. Plaintiffs were absent from the record until March 24, when Judge Kane permitted the Plaintiffs' first set of counsel to withdraw. Plaintiffs' second set of counsel entered their appearance on March 29, far enough in advance of the April 5, 2010, deadline to draft and file a motion to quash or a brief in opposition, or at the very least, a motion for extension of time in which to do so. Again, the Plaintiffs did neither. Interestingly, the Plaintiffs did file a joint motion to stay during the pendency of the Republic of Ecuador's timely filed motion to quash, which stated the Republic took no position regarding the issuance of the subpoenas as to the *Lago Agrio* litigation - the litigation concerning Plaintiffs. (Docket #45; docket #39 at 3.)

Counsel for the Plaintiffs raised the issue of privilege before this Court at the April 27, 2010, hearing, three weeks after the deadline set by Judge Kane. At the hearing, Counsel for Plaintiffs stated, "we still don't object to the production of documents nor – nor are we at this time objecting wholesale to the depositions . . . we reserve the right to review it for privilege." (Docket #84 at 10.) This statement is not reflected in the request for relief in the Plaintiffs' opening brief in support of

their Motion for Protective Order. The Plaintiffs now request the Court to effectively quash the

subpoenas in whole, as they move for the Court to enter a protective order that:

> (1) Discontinues the taking of any further depositions of the Consulting Experts; (2) Relieves the Consulting Experts of any and all obligations to produce documents to Chevron; (3) Requires Chevron to destroy any and all copies of documents obtained from the Consulting Experts in this matter prior to entry of the Protective Order; and (4) Requires Chevron to see that all publicly filed documents incorporating information gleaned from documents previously produced by the Consulting Experts are removed from the public record.

(Docket #102 at 33.) This request is inconsistent with Plaintiffs' Counsel's representations and in

violation of the timing requirements set forth by Judge Kane.

Moreover, at the April 30, 2010 hearing, this Court instructed the Stratus Respondents to get

in place all that is necessary to produce all documents. Perhaps if the Ecuadorian Plaintiffs had

timely filed their opposition to the Section 1782 petition or a motion to quash the subpoenas, as they

seek to do now, such early resolution of these issues would have saved time and money spent on

pleadings and preparation for production in response to the subpoenas by all parties involved.

In any event, as the Court described in its order denying the Republic of Ecuador's motion

to quash, this Court is not inclined to reconsider Judge Kane's explicit determinations. Judge Kane,

although contemplating the filing of a motion to quash, clearly stated that Petitioner's "discovery

requests do not attempt to circumvent foreign proof-gathering restrictions as they are a good-faith

effort to obtain probative evidence, and discovery requested is not unduly burdensome as it goes to

central issues in both foreign proceedings and would be permitted under the Federal Rules of Civil

Procedure." (Docket #22 at 6-7.) Judge Kane's conclusion is law of this case, and the law of the

case doctrine generally "dictates that prior judicial decisions on rules of law govern the same issues

in subsequent phases of the same case." *Been v. O.K. Industries, Inc.*, 495 F.3d 1217, 1224 (10th

Cir. 2007). Judge Kane issued the subpoenas as designated at docket #5, without modification. As

Plaintiffs seek to preclude the requests for production in their entirety, the Court declines to go line by line through the subpoenas on the Plaintiffs' behalf to review for privilege or scope of production concerns, particularly in light of their unjustified delay in challenging the subpoenas.

## CONCLUSION

Accordingly, for the reasons stated above and pursuant to the entire record herein, the Court **DENIES** the Ecuadorian Plaintiffs' Motion for Protective Order in Connection with Subpoenas Issued to Certain of the Ecuadorian Plaintiffs' Non-Testifying Litigation Consultants Pursuant to 28 U.S.C. § 1782 [filed April 26, 2010; docket #68].

For the same reasons stated herein, the Court **DENIES** Plaintiffs' [Opposed] Motion to Seal References to the Selvaviva Database Tables and Queries [filed May 6, 2010; docket #107].

Additionally, the Court informs the parties that no party may file a Status Report or other "Notice" unless granted permission by the Court or at the Court's instruction. The Court retains inherent discretion in managing its docket. Any Status Reports or other Notices filed without permission may be stricken. Any request for relief must come in the form of a motion. *See* D.C. Colo. LCivR 7.1.

Dated at Denver, Colorado, this 25th day of May, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge