IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00047-MSK-MEH

CHEVRON CORPORATION,

    Petitioner,

v.

STRATUS CONSULTING, INC.,
DAVID J. CHAPMAN,
DOUGLAS BELTMAN,
JENNIFER M.H. PEERS,
DAVID M. MILLS,
PETER N. JONES,
LAURA BELANGER, and
ANN S. MAEST,

    Respondents.

REPUBLIC OF ECUADOR, *et al.*,

    Interested Parties.

---

## ORDER

---

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court are Petitioner Chevron Corporation's Motion to Compel Respondents Belanger and Jones to Comply with Subpoenas [filed April 16, 2010; docket #52] and the Ecuadorian Plaintiffs' Motion for Clarification of the Court's May 25, 2010 Order [filed May 28, 2010; docket #155]. These matters are referred to this Court for disposition. (Dockets ##54, 157.) The motions are briefed to the extent necessitated by the Court, and further oral argument would not assist the Court in adjudicating the motions. For the reasons stated below, the Court **GRANTS** the Ecuadorian Plaintiff's Motion for Clarification and **DENIES AS MOOT** Petitioner's Motion to Compel, with leave to re-file.

**I.       The Ecuadorian Plaintiffs' Motion for Clarification**

The Court incorporates by reference the background stated in its May 25, 2010 Order. *See* docket #154 at 2.) The Court addresses this Motion for Clarification first, as it establishes the scope of production applicable to Petitioner's Motion to Compel. In this motion, the Ecuadorian Plaintiffs inquire whether the Court's Order denying their Motion for Protective Order precludes the Plaintiffs from asserting "more narrow privilege objections to specific documents and questions." (Docket #155.) In short, the answer is no.

As the Court alluded to at the April 27, 2010 hearing, and as reflected in the May 25, 2010 order, a blanket assertion of privilege is generally disfavored in this Circuit and is not appropriate for the matter at hand. *See, e.g., Cunningham v. Standard Fire Ins. Co.*, No. 07-cv-02538-REB-KLM, 2008 WL 2668301, at *3 (D. Colo. July 1, 2008) (citations omitted). However, the Court described at the April 27, 2010 hearing that, although this Court is refining the discovery issues arising from Judge Kane's issuance of the Section 1782 subpoenas, such issuance is the overarching context providing the parameters of these disputes. The Court stated it did not interpret the issuance of the subpoenas to implicate waiver of "specific objections to specific questions or specific points of discovery" within that discovery permitted by Judge Kane. (Docket #84 at 7.) Plaintiffs are correct in pointing out that the last lines of the Court's May 25, 2010 order reflect this Court's views that the production of documents or provision of testimony pursuant to the subpoenas at hand, like any production or provision responsive to a subpoena, may be subject to certain objections.

The Court directs the parties to its analysis in *Davis Audio Visual, LLC v. Greer*, No. 09-cv-00175-ZLW-MEH, 2009 WL 1537892 (D. Colo. May 28, 2009). In *Davis*, the Court informed the parties that the proper and efficient method for responding to contested subpoenas would be for the responding party to redact or withhold confidential or privileged information, record the redactions or withholdings in a privilege log, and produce the remaining documentation. *Id*. at *2. Then, if

continued disputes arise, a motion for protective order precluding further exposure of contested information from the respondent, or a motion to compel from the petitioner, may be more appropriate at that time. *Id.*

Here, the same process is appropriate. The Court previously denied the Ecuadorian Plaintiffs' Motion for Protective Order, but such denial is distinguishable in that the motion served as an untimely *de facto* Motion to Quash, not as a protective order narrowly tailored to certain requests. The Plaintiffs' request to the Court to impose a blanket preclusion to the discovery sought by the Section 1782 subpoenas was indeed untimely and improper; however, allowing the responding parties to engage in the standard process of production, which may (or may not) necessitate the use of a privilege log, is still an appropriate method of responding to the Section 1782 subpoenas.

The Court emphasizes to the parties that in no way does this order promote the use of a privilege log as a route of delaying production. Respondents must, as previously instructed by the Court, presently be engaged in the process of producing documents to Petitioner. Furthermore, the Court will not tolerate any use of this standard process of production as an alternate means of asserting blanket privilege. Any assertion of privilege must be made in good faith, with specificity, and must be adequately recorded.

The Court encourages the parties to contact the Court for informal resolution of disputes before filing any further motion for protective order or motion to compel.

Furthermore, a Status Conference is hereby set for Wednesday, **June 9, 2010**, at **9:30 a.m.** in Courtroom 203 on the second floor of the Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado. The parties shall be prepared to discuss, with specificity and brevity, the timing and cost-sharing of the production of documents and the taking of depositions in this matter.

Lawyers whose offices are located outside of the Denver metropolitan area may appear at this conference by telephone. Please contact Chambers at (303) 844-4507 to arrange appearance by telephone. Please remember that anyone seeking entry into the Byron G. Rogers United States Courthouse will be required to show a valid photo identification. *See* D.C. Colo. LCivR 83.2B.

## II. Petitioner Chevron Corporation's Motion to Compel

### *A. Background*

Six of the eight subpoenas were served on the Stratus Respondents, and the remaining two were served on Dr. Peter N. Jones and Ms. Laura Belanger. Petitioner's Motion to Compel concerns the production of documents in response to the subpoenas served on Dr. Jones and Ms. Belanger. Petitioner contends that the two respondents, while *pro se*, agreed to produce all requested documentation on or before April 15, 2010. Petitioner reiterates its argument as stated against the Ecuadorian Plaintiffs' motion for a protective order, in that because Dr. Jones and Ms. Belanger did not move to quash or challenge the subpoenas before the deadline set by Judge Kane, any objections are now waived.

Counsel first entered an appearance on behalf of Dr. Jones and Ms. Belanger on April 19, 2010. (Docket #55; *see also* docket #58.) In their response to the motion to compel, Dr. Jones and Ms. Belanger make four arguments against granting the motion. First, they contend Petitioner failed to comply with D.C. Colo. LCivR 7.1A; second, they allege Petitioner "concealed" Judge Kane's order allowing any challenge to the Section 1782 subpoenas; third, they believe the subpoena concerning Dr. Jones exceeds the scope of the Section 1782 petition; and fourth, they represent the motion to compel is now moot, as Dr. Jones and Ms. Belanger have responded to the subpoenas during the pendency of the motion. (*See* docket #114 at 2.)

In its reply, Petitioner describes its efforts to meet and confer, and in any event, contends any meet and confer sessions would have been futile in resolving the issues in this motion to compel.

4

(Docket #153 at 8-11.) Petitioner contends that the subpoenas themselves fully inform Ms. Belanger and Dr. Jones of their rights to object to the subpoenas, as the subpoenas "quote the Rule 45 provisions establishing the timing of any objections by the Respondents." (*Id*. at 12-13.) Petitioner argues that it bore no duty to discuss potential privilege issues with the two respondents; and, in fact, it is their counsel, also counsel for the Ecuadorian Plaintiffs, who should discuss the alleged privilege issues. (*See id.* at 14.) Petitioner again states its belief that any privileges, if applicable in the first instance, were waived by the Ecuadorian Plaintiffs and by Dr. Jones and Ms. Belanger. (*Id*. at 16-19.) As to the substance of an assertion of privilege, Petitioner informs the Court that the *Lago Agrio* Ecuadorian Court ordered, on two occasions in 2007, that the expert report at issue was to be fully transparent, including disclosure of "all the documents that serve as support or a source of information for the work performed by the Expert." (*Id*. at 22-23.)

### B. *Analysis*

Regarding D.C. Colo. LCivR 7.1A, the Court recognizes that failure to confer is grounds for dismissal of a motion without prejudice, and in some circumstances, without leave to re-file. (*See* docket #50 at 5 (Order denying the Republic of Ecuador's Motion to Quash).) However, here, Petitioner recounts in some detail its efforts to meet in confer. (Docket #153 at 10-11, 27-28.) The Court accepts these efforts as congruent with the requirements of D.C. Colo. LCivR 7.1A.

As previously discussed in its analyses of other motions in this matter, the Court declines to revisit any issues regarding the scope of the Section 1782 petition. Again, Judge Kane permitted issuance of the subpoenas, no challenge was timely filed by Dr. Jones or Ms. Belanger, and Judge Kane's conclusions regarding Petitioner's discovery requests constitute law of this case. (*See* docket #154 at 9-10 (Order denying the Ecuadorian Plaintiffs' Motion for Protective Order).)

Dr. Jones and Ms. Belanger represent to the Court through their counsel who, as officers of the Court, are bound to recounting the truth, that this motion to compel is now moot. (Docket #114

5

at 19-20.) Regarding Dr. Jones, Counsel explains that Dr. Jones "has already produced all documents in his possession concerning the Lago Agrio litigation." (*Id*. at 20.) Counsel states that Ms. Belanger "is not (and could not) be aware of any documents in her possession that contributed to the Cabrera report, and is simply unaware of documents in her possession responsive to the subpoena." (*Id*. at 19.) Petitioner suggests that this unawareness "can be true only if Plaintiffs' counsel has affirmatively withheld from her the fact the database she produced was provided to Cabrera." (Docket #153 at 19.) If this allegation is true, the onus is on Ms. Belanger's counsel to correct any omission of necessary information related to Ms. Belanger's response to the subpoena.

The Court accepts the representations from Dr. Jones and Ms. Belanger; however, the Court encourages Dr. Jones and Ms. Belanger to amend their responses if necessary, *before* the **June 9, 2010** Status Conference, in light of this order and the Court's previous order denying the Ecuadorian Plaintiffs' Motion for Protective Order. The Court hereby permits Petitioner the opportunity to discuss at the June 9, 2010 Status Conference whether it can demonstrate particular items are missing from Dr. Jones and Ms. Belanger's responses to the subpoenas. Any response to the Section 1782 subpoenas, including an amended response, shall conform to the standard process of production as described above.

Additionally, the Court recognizes that the subpoenas also request information by deposition of Ms. Belanger and Dr. Jones. If Petitioner discovers that either respondent indeed has awareness of certain documents responsive to the subpoena but not yet disclosed, Petitioner may file a second motion to compel.

### III. Conclusion

Accordingly, the Court **GRANTS** the Ecuadorian Plaintiffs' Motion for Clarification of the Court's May 25, 2010 Order [filed May 28, 2010; docket #155] as stated herein and **DENIES AS MOOT** Petitioner Chevron Corporation's Motion to Compel Respondents Belanger and Jones to

6

Comply with Subpoenas [filed April 16, 2010; docket #52], with leave to re-file.

Dated at Denver, Colorado, this 1st day of June, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge