IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00047-MSK-MEH

CHEVRON CORPORATION,

      Petitioner,

v.

STRATUS CONSULTING, INC.,
DAVID J. CHAPMAN,
DOUGLAS BELTMAN,
JENNIFER M.H. PEERS,
DAVID M. MILLS,
PETER N. JONES,
LAURA BELANGER, and
ANN S. MAEST,

      Respondents.

REPUBLIC OF ECUADOR, *et al.*,

      Interested Parties.

---

## ORDER ON MOTIONS CONCERNING ALLOCATION OF COSTS

---

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court are the Stratus Respondents' Motion for Payment of Production Expenses [filed April 20, 2011; docket #318] and Petitioner Chevron Corporation's Motion to Reallocate Document Production Costs [filed April 20, 2011; docket #319]. This matter is referred to this Court for disposition. (Dockets ##321, 322.) The motions are fully briefed, and oral argument would not assist in their adjudication. For the reasons stated herein, the Court **GRANTS IN PART and DENIES IN PART** both motions.

1

I have previously addressed the background of this litigation. To restate it succinctly, Chevron Corporation was sued in Ecuador for environmental damage, a suit that ultimately resulted in an $18.2 billion judgment against Chevron. The Southern District of New York has preliminarily enjoined enforcement of that judgment outside of Ecuador. Chevron contends that Stratus Consulting, Inc. and its agents colluded with the Ecuadorean plaintiffs to influence a court-appointed expert (Richard Cabrera) in submitting a report to the Ecuadorian court which was favorable to the plaintiffs. At the time the Ecuador proceeding was nearing conclusion (but before judgment was entered), and to support its allegation that Cabrera and others were committing fraud on the Ecuadorean court, Chevron filed this Section 1782 petition against the Stratus Consulting experts (who are located in Boulder, Colorado) to obtain evidence which it could present in Ecuador. This is one of a number of similar actions filed in various jurisdictions in this country.

This proceeding has resulted in numerous motions, hearings and orders. Concerned that the Ecuadorean rug might be taken out from under it before it had an opportunity to present the Ecuadorean court with evidence of fraud, Chevron pushed for expedited consideration of its requests for production of documents, and, once I ordered that relief, for expedited production by the Stratus respondents. It was my intent that document production costs *attributable to the urgency* should be borne by Chevron, because it was the party seeking expedited (or, as was presented to me on numerous occasions, virtual emergency) relief. I determined that the documents should be gathered and produced as soon as humanly possible by Stratus, and once the "dust settled" and the emergency passed, to determine the allocation of costs associated with

the production.  I directed that Chevron pay hard costs "up front," with ultimate responsibility to be decided later (*i.e.*, now).

Stratus billed Chevron $71,694, and Chevron has paid $44,977.  Stratus now asks for the remainder of its billings to be paid, and Chevron asks that it be reimbursed (either by Stratus or the Ecuadorean plaintiffs) for monies already paid, relying principally upon my authority under Fed. R. Civ. P. 45 to consider equity in determining whether a nonparty to a lawsuit (the status that Stratus held at the time of the filing of this action) should bear the costs of production of documents.  According to Chevron, Stratus has engaged in inappropriate conduct with respect to Mr. Cabrera's work for the Ecuadorean court and, thus, has unclean hands in asking for this Court's protection from significant expense resulting from compliance with the document requests.  Chevron also seeks payment from the Ecuadorean plaintiffs (here, Interested Parties) based on allegations of misconduct concerning, among other things, an attempt to stall proceedings in the United States, so that Chevron would be unable to timely present its evidence of fraud in Ecuador.

I have read the arguments and materials supplied by the litigants.  I decline to engage in a minute dissection of their positions.  The litigants have traded scandalous allegations, ostensibly providing some proof in support.  I do not know the truth of these, and to even begin to include such considerations in my deliberations would entail a multi-day hearing, the expense of which would dwarf the amounts at stake in the current motions.  That is not justice, nor is it consistent with the inexpensive determination of this proceeding. Fed. R. Civ. P. 1.

What I know is this: Chevron contended that Stratus had a close relationship with Cabrera and the Ecuadorean plaintiffs' counsel, such that Stratus was not a disinterested nonparty for purposes of Rule 45's protections; I asked Stratus' counsel whether Stratus officials

3

had ever met with Cabrera; Stratus' counsel, Mr. Silver, stated that he investigated that issue with his client and, after such investigation, believed that there had been no such meeting ever; when I was told this in open court, I stated, "You know, in my world that's golden. I'll take a representation like that from a lawyer any day and believe it"; in fact, Stratus' representatives (and Respondents here) Beltman and Maest had a meeting with Cabrera in Ecuador in January 2008. What I thought was "golden" has lost its luster. I do not accuse Mr. Silver of lying, but I was not given the truth. For me, it begins and ends there. A major premise of my thinking concerning allocation of costs was mistaken. Because of Stratus' interactions with the Ecuadorean plaintiffs' counsel and Cabrera, and because I originally intended that Stratus be compensated only to the extent that it was forced to rush its production (concerning which, it appears from internal communications, Stratus was not quite in the rush I asked them to be), I find that just reimbursement from Chevron to Stratus is fifty percent of the latter's expenses, or $35,847. Chevron has paid $44,977, thus, they should be repaid $9130. But by whom should they be repaid? In my opinion, Chevron should be repaid by the Interested Parties.

Chevron, Stratus and the Interested Parties all had some responsibility for the filing of this proceeding, and each of them should have some skin in the game. In any event, I view a payment of nine thousand dollars as largely symbolic, given the $18 billion award that the Interested Parties have achieved in Ecuador against Chevron.

Regardless of what might have happened in another federal (or even a foreign) jurisdiction, all counsel in this action have acted professionally and appropriately in my presence. I have nothing negative to say about any of them. I believe this Order equitably allocates costs based on the facts as I understand them.

## CONCLUSION

Accordingly, for the reasons stated above and the entire record herein, the Court **GRANTS IN PART** and **DENIES IN PART** the Stratus Respondents' Motion for Payment of Production Expenses [filed April 20, 2011; docket #318], and **GRANTS IN PART** and **DENIES IN PART** Petitioner Chevron Corporation's Motion to Reallocate Document Production Costs [filed April 20, 2011; docket #319], as stated herein. The Interested Parties shall reimburse Chevron in the amount of $9130.

Entered and dated this 27th day of June, 2011, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge